## LYLE vs. LIGHT.

*September 7 — September 25, 1883.*

### *Verdict.*

At five o'clock P. M. on Saturday the jury retired. At 10:30 o'clock the judge was sent for by them and immediately went to their room and asked if they had agreed upon their verdict. Some one in the room answered that they had. The judge then asked what their verdict was, and one of the jury, in the presence of all, answered that a member of the jury would write it out. Immediately afterwards a paper was written and handed to the judge by one of the jury, as follows: "We, the jury, find no cause of action. C. H. UPHAM, Foreman." The judge did not read the paper aloud to the jury; nor was it read by them; nor were they asked if it was their verdict; nor was the jury called to ascertain if they were all present; nor was the clerk of the court or either of the parties or their attorneys present; nor were they notified to be present; nor had either of the parties waived his right to be present and to have the jury polled. The judge immediately handed the paper to the officer in charge of the jury and directed him to seal it up and hand it to the clerk, and told the jury that they were discharged. The officer sealed up the paper and on Monday morning handed it to the clerk. On the opening of court on that day, and before the clerk had recorded the paper, the plaintiff objected to the receipt and entry thereof as a verdict, and demanded to have the jury polled, which was refused on the ground that the jury had been discharged on the Saturday previous. The paper was then entered of record as the verdict and a motion to set it aside was denied. *Held,* error.

APPEAL from the Municipal Court of the City and Town of *Ripon.*

The facts are sufficiently stated in the opinion. The plaintiff appealed from the judgment.

The cause was submitted for the appellant on the brief of *E. L. Runals.*

ORTON, J. At five o'clock P. M. on Saturday the jury retired to consider of their verdict. At 10:30 o'clock on the

same day the judge of the court was sent for by the jury, and he immediately went to the room occupied by them and then and there asked them if they had agreed upon their verdict. Some one in the room answered that they had. The judge thereupon asked what their verdict was, and one of the jury, in the presence of all, answered that a member of the jury would write it out. Immediately afterwards a paper was written, and handed to the judge by one of the jury, as follows: "We, the jury, find no cause of action." [Signed] "C. H. UPHAM, Foreman." The judge did not read the same aloud to the jury; nor was it read by them; nor were they asked if it was their verdict; nor was the jury called to ascertain if they were all present; nor were the clerk of the court, either of the parties, or their attorneys, present; nor were they notified to be present; nor had the parties or their attorneys or any one of them waived their right to be present or to have the jury polled as to their verdict. The judge immediately handed the paper to the officer in charge of the jury and directed him to seal it up and hand it to the clerk of the court, and told the jury that they were discharged from any further consideration of the case. The officer sealed up the paper and kept the same in his possession until the next Monday morning, when he handed it to the clerk. On the opening of the court on that day, and before the clerk had recorded the paper, the plaintiff appeared by his attorney and objected to the receipt and entry of said paper as a verdict in the case, and asked to have the jury inquired of as to their verdict, and demanded to have the jury polled as to whether such was their verdict, all of which the court refused, upon the ground that the jury had been discharged on the Saturday previous. The paper was then entered of record as the verdict. A motion was then made, and denied, to set the same aside, and judgment was rendered thereon for the defendant.

The mere statement of this unprecedented proceeding is suf-

ficient, and its clear and unquestionable irregularity ought not to be palliated by the doubt which might be implied by the citation of authority. A more uniform and consistent series of judicial errors and blunders, by which every precaution and safeguard of a jury trial and a jury verdict were completely ignored, and every obvious rule of correct practice was persistently violated, never occurred. The uncertainty, if not the incurable evils, of a jury trial, when guarded and hedged in by the most judicious legal safeguards, have become almost proverbial, and in the opinion of many able thinkers the whole system ought to be abolished; and such a practice as obtained in this case, if sanctioned, would furnish an unanswerable argument in favor of such a change in legal trials, unless the incompetency of judges to take the place of juries is at the same time demonstrated by such an unheard-of practice in receiving a verdict.

*By the Court.*— The judgment of the municipal court is reversed, and the cause remanded for a new trial.